Argued and submitted June 20, decision of Court of Appeals reversed;
supplemental judgment of circuit court reversed, and case remanded
to circuit court for further proceedings August 9, reconsideration granted by
opinion November 8, 2007
See 343 Or 394, 171 P3d 352 (2007)

## Omar J. GRISBY,
*Petitioner on Review,*

*v.*

## PROGRESSIVE PREFERRED
## INSURANCE COMPANY,
*Respondent on Review.*

(CC 0305-05057; CA A128089; SC S54196)

166 P3d 519

Dean Heiling, Heiling Dwyer & Associates, Portland, argued the cause and filed the brief for petitioner on review.

Michael A. Lehner, Lehner & Rodrigues PC, Portland, argued the cause and filed the brief for respondent on review. With him on the briefs was Carl R. Amala, Harris, Wyatt & Amala, Salem.

Aaron Brian, Brian Law Firm, Medford, submitted a brief on behalf of *amicus curiae* Oregon Trial Lawyers Association.

R. Daniel Lindahl, Bullivant Houser Bailey, PC, Portland, submitted a brief on behalf of *amicus curiae* Farmers Insurance Company of Oregon.

BALMER, J.

**BALMER, J.**

Plaintiff Omar Grisby prevailed in this action against his insurer for payment of personal injury protection (PIP) benefits. The issue before us is whether plaintiff is entitled to recover his attorney fees. We hold that plaintiff's action comes within the scope of the attorney fee provision for actions on insurance policies, ORS 742.061, and that plaintiff is entitled to recover a reasonable attorney fee from his insurer.

Plaintiff was injured in an automobile accident. He filed a claim for expenses related to his injury with his insurer, defendant Progressive Preferred Insurance Company. Defendant replied with a letter that acknowledged plaintiff's policy and stated that defendant "has accepted coverage for [PIP] benefits." The letter explained that plaintiff's PIP coverage provided him "with coverage for reasonable and necessary medical expenses directly related to the accident," but that defendant would not pay benefits that did not meet that criterion. The letter also stated that, if the parties disputed "the amount of benefits due," defendant was "willing to submit [the] case to binding PIP arbitration." Although defendant paid plaintiff for various medical expenses and for loss of income related to his injury, defendant denied payment for certain chiropractic treatment that plaintiff obtained, asserting that the treatment was not related to plaintiff's accident. In the letter denying payment, defendant stated that, if plaintiff "disagree[d] with our decision concerning coverage," the dispute could be arbitrated under the terms of the policy and the PIP statutes.

The parties arbitrated the disputed claim, and the arbitrator ruled for defendant. Plaintiff then filed this action, seeking a trial *de novo* on his claim that the chiropractic treatment was related to his accident and therefore covered by the PIP provisions of his policy. A jury agreed with plaintiff, and the trial court entered judgment in plaintiff's favor. Plaintiff then requested an award of attorney fees under ORS 742.061(1), which generally provides that an insured who sues on an insurance policy and recovers more than the insurer offered in settlement is entitled to a reasonable attorney fee. The trial court, however, denied that request,

because it concluded that plaintiff's claim came within the exception set out in ORS 742.061(2)(a) for actions in which "[t]he insurer has accepted coverage and the only issue is the amount of benefits due the insured[.]"

Plaintiff appealed the denial of his fee request, and the Court of Appeals affirmed. *Grisby v. Progressive Preferred Ins. Co.*, 207 Or App 592, 142 P3d 531 (2006). The Court of Appeals agreed with defendant that the dispute met the two requirements of the attorney fee exception set out in ORS 742.061(2)(a). First, the court stated that, by acknowledging that plaintiff had a policy with defendant and that defendant would pay PIP benefits under the policy, defendant had "accepted coverage." 207 Or App at 596. That acceptance of coverage, the court noted, did not mean that defendant had agreed to pay for every treatment that plaintiff sought, and the court held that defendant's later decision not to pay for the chiropractic treatment "was not a dispute about its coverage of the injury[.]" *Id.* at 597.

Second, the court concluded that the dispute regarding payment for the chiropractic treatment was a dispute about the "amount of benefits due the insured." *Id.* at 597-98. The court rejected plaintiff's argument that the phrase "amount of benefits" refers only to the dollar amount of benefits due and does not include the issue of whether a particular treatment is related to a covered injury. Instead, the court held that "amount of benefits" "also encompasses other matters relating to the availability of benefits for a particular covered injury, including whether certain medical expenses are related to the injury or whether they are reasonable and necessary." *Id.* at 598. In reaching that conclusion, the court relied, in part, on this court's decision in *Foltz v. State Farm Mutual Auto. Ins. Co.*, 326 Or 294, 952 P2d 1012 (1998). *Foltz* interpreted ORS 742.520(6) (1995), a statute that, at that time, required the arbitration of disputes "about the amount of [PIP] benefits, or about the denial of [PIP] benefits[.]" 326 Or at 298-300. The Court of Appeals read *Foltz* to support its conclusion that "amount of benefits" included not just the dollar amount of the payment for a medical treatment, but also the denial of payment on the grounds that the particular

treatment was not related to the covered injury. Judge Landau concurred in the majority's disposition of the case, because he viewed *Foltz* as controlling the court's construction of the term "amount of benefits." He noted, however, that, if the Court of Appeals were writing on a clean slate, he might reach a different conclusion. *Grisby*, 207 Or App at 601 (Landau, J., concurring).

Judge Schuman dissented. In his view, even if the issue of payment for the chiropractic treatment were about the "amount of benefits," it *also* was about the preliminary question whether the treatment related to plaintiff's injury. Therefore, he asserted, the dispute about the amount of benefits was not "the only issue" in the action, as required for the ORS 742.061(2)(a) exception to apply. *Grisby*, 207 Or App at 601 (Schuman, J., dissenting).

Plaintiff petitioned for review. We allowed the petition and, for the reasons set out below, now reverse.

The brief facts outlined above are sufficient to set the stage for the legal dispute between the parties. Plaintiff contends that, because he prevailed in his coverage action against defendant, he is entitled to recover a reasonable attorney fee under ORS 742.061(1). Defendant responds that plaintiff is not entitled to attorney fees because his case comes within the exception set out in ORS 742.061(2). ORS 742.061 provides, in part:

"(1) Except as otherwise provided in subsections (2) and (3) of this section, if settlement is not made within six months from the date proof of loss is filed with an insurer and an action is brought * * * upon any policy of insurance * * * and the plaintiff's recovery exceeds the amount of any tender made by the defendant in such action, a reasonable amount to be fixed by the court as attorney fees shall be taxed as part of the costs of the action and any appeal thereon. * * *

"(2) Subsection (1) of this section does not apply to actions to recover [PIP] benefits if, in writing, not later than six months from the date proof of loss is filed with the insurer:

"(a) The insurer has accepted coverage and the only issue is the amount of benefits due the insured; and

"(b) The insurer has consented to submit the case to binding arbitration."

The parties' arguments focus on whether the two requirements for application of the exception set out in ORS 742.061(2)(a) have been met in this case. Specifically, they disagree as to whether defendant had "accepted coverage" and whether "the only issue [in the action] is the amount of benefits due [plaintiff]," as those phrases are used in the statute.

■ We begin with the text of ORS 742.061(2)(a), quoted above, and the meaning of the phrase, "the insurer has accepted coverage." The Court of Appeals agreed with defendant's argument that defendant had "accepted coverage," because its first letter to plaintiff "expressly accepted coverage of plaintiff's injury, *i.e.*, it agreed that it must pay plaintiff benefits for his injury under the policy." *Grisby*, 207 Or App at 595. However, the issue here is not the legal effect of the words that defendant's claims adjuster used in a letter— the parties never have disagreed that plaintiff had a policy with defendant that applied to the accident at issue here, and, in any event, the policy itself and the applicable statutes, rather than the adjuster's letter, determine the scope of defendant's obligations. The question, rather, is whether defendant's acknowledgment that plaintiff's accident came within the scope of the policy means that defendant "accepted coverage" as that term is used in ORS 742.061(2)(a).

The legislature did not provide a definition of the word "coverage" for purposes of ORS 742.061(2)(a), and we begin by looking to the dictionary for the ordinary meaning of the word. *Wetherell v. Douglas County*, 342 Or 666, 678, 160 P3d 614 (2007). The dictionary defines the term, when used with respect to insurance, as "inclusion within the scope of a protective or beneficial plan." *Webster's Third New Int'l Dictionary* 525 (unabridged ed 2002). That definition supports plaintiff's argument that defendant did not accept "coverage," because it did not accept the charge for chiropractic treatment as included within the scope of the policy. But it

also supports defendant's position that it did accept "coverage" because it had agreed that plaintiff's accident was within the scope of the policy.

The context of ORS 742.061(2)(a) is more helpful in interpreting the statute, and that context provides support for plaintiff's argument that "accept[ing] coverage" is a broader concept than simply the insurer's determination that an accident is within the scope of the policy. The statutes setting out the obligations of the insurer and the insured with respect to PIP benefits establish the basic PIP medical benefit as the payment of "[a]ll reasonable and necessary expenses of medical * * * services" incurred within one year of the injury, subject to a $15,000 aggregate limit. ORS 742.524(1)(a). Moreover, expenses for those services are "presumed to be reasonable and necessary" unless the insurer gives the medical provider "notice of denial of the charges" not more than 60 days after the insurer "receives from the provider notice of the *claim for the services.*" *Id.* (emphasis added). The procedure for denying such charges requires that the insurer give "written notice of the denial" to the insured within 60 days of "receiving a *claim* from the provider." ORS 742.528(1) (emphasis added). The notice of denial must state the reason for the denial and inform the insured of the method for contesting the denial. *Id.*

■ That statutory scheme makes it plain that the legislature contemplated that an insurer would make a separate determination to accept or deny each "claim for the services" that a provider renders to an insured and that the provider submits to the insurer. It supports plaintiff's argument that whether an insurer has "accepted coverage," for purposes of ORS 742.061(2)(a), is not limited to a one-time decision by the insurer that a particular accident is within the scope of a policy that it had issued (and that the insurer now has obligations under that policy), but rather is an ongoing series of decisions "accepting" or "denying" coverage of particular claims for services rendered by medical providers. Here, when plaintiff's chiropractor submitted a "claim for the services" that it had rendered to plaintiff, defendant denied the claim. Because defendant did not "accept[ ] coverage" of the claim for those services, it did not meet one of the requirements for the exception set out in ORS 742.061(2)(a) to apply.

■     We turn to the second issue under ORS 742.061(2)(a): whether "the only issue [in plaintiff's PIP coverage action] is the amount of benefits due the insured." As noted, the Court of Appeals held that the issue of payment for the chiropractic treatment was a dispute over the "amount" of the benefit. The court stated that, although the term "amount" commonly refers to quantity, it "also encompasses other matters relating to the availability of benefits," including whether specific medical expenses "are related to the injury * * *." *Grisby*, 207 Or App at 598. We disagree.

As the Court of Appeals acknowledged, "amount" ordinarily does refer to quantity. Defendant seeks to bring its argument within that definition of "amount" by asserting that plaintiff is entitled to a payment of zero for the chiropractic treatment, rather than the $4,042 that the provider billed for the treatment and that plaintiff seeks. Accordingly, defendant argues, the dispute is one over the "amount of benefits." By that reasoning, however, *every* dispute about an insurance benefit—including whether a policy was in effect and the relationship between a claimed expense and the insured's accident, as well as disputes about the necessity and reasonableness of the provider's charge—is a dispute about the "amount of benefits." That interpretation, as plaintiff suggests, would allow an insurer to defeat the attorney fee statute by routinely informing insureds that it "accepted coverage" and then denying every specific request for payment. Moreover, it is inconsistent with the usual definition of amount. *See Webster's* at 72 (providing, as first definition of "amount," "the total number or quantity : AGGREGATE * * *").

Defendant, like the Court of Appeals, also ignores the limiting words "the *only issue*" that precede the words "is the amount of benefits." That modifying phrase emphasizes the legislature's apparent intent to limit the attorney fee exception of ORS 742.061(2)(a) to disputes over the quantum of benefits and to exclude from the effect of that provision *other* disputes about the "benefits due the insured." Even if we were to agree with defendant that the dispute here concerns the "amount of benefits," it nevertheless would be inaccurate to say that the dispute is "only" about the amount of benefits. Defendant here disputed not only the "amount" of

the claim for the services provided by the chiropractor; it *also* disputed whether it should pay for those services *at all*, arguing that they were unrelated to plaintiff's accident. Only after the trier of fact had agreed with plaintiff on *that* preliminary issue could it turn to the issue of the *amount* of benefits that plaintiff should receive under the policy.

■ The conclusion that an "issue" as to the "amount of benefits" in ORS 742.061(2)(a) refers to a dispute concerning the dollar level of a claim for services that a provider submits to an insurer, and not to an insurer's denial of a particular claim for services, is further supported by the way another provision in the PIP statute uses the phrase "amount of [PIP] benefits." ORS 742.520(6) provides for arbitration of PIP disputes, if the parties agree at the time of the dispute. That statute refers separately to disputes between the insurers and beneficiaries "about the *amount* of [PIP] benefits" and disputes "about the *denial* of [PIP] benefits." *Id.* (emphasis added). By distinguishing between those two kinds of disputes, the PIP statute indicates that the "amount" of benefits is something different from the "denial" of benefits. That statutory context confirms our conclusion that a dispute over an insurer's denial of a particular claim for benefits, like the dispute here, is not one over the "amount of benefits."

Finally, defendant relies on this court's decision in *Foltz* to support its position that a dispute about the denial of a particular claimed benefit is a dispute about the "amount" of the benefit. In *Foltz,* this court answered certified questions that a federal court posed with respect to whether a statute that required arbitration of PIP coverage disputes violated the right to a jury trial protected by Article I, section 17, of the Oregon Constitution. In addressing that question, this court interpreted an earlier version of a statute discussed above, ORS 742.520(6) (1995), which, at the time, provided that "[d]isputes between insurers and beneficiaries about the amount of [PIP] benefits, or about the denial of [PIP] benefits, shall be decided by arbitration * * *." The statute thus required disputes about the "amount" of benefits *and* disputes about the "denial" of benefits to be arbitrated. As presented by the federal court and answered by this court, the questions related to "the denial or reduction of benefits." *Foltz,* 326 Or at 297 (quoting federal court certification

order). Neither court was required to, and neither court did, distinguish between the "amount" of benefits or the "denial" of benefits; rather, the issue was whether a dispute between the insured and the insurer over PIP benefits (whether a dispute over the denial of benefits or a dispute regarding amount) was required to be arbitrated. At one point in *Foltz*, this court again referred to the statutory text as providing that disputes regarding the "amount" or "denial" of PIP benefits must be arbitrated, but the court then stated, "This case involves a 'dispute' over the 'amount' of PIP benefits." 326 Or at 300.

In this case, the Court of Appeals raised that single sentence in *Foltz* to the status of a holding: "In *Foltz* * * * the Supreme Court held that the issue of whether treatment is 'reasonable and necessary' is a dispute as to the 'amount' of PIP benefits * * *." *Grisby*, 207 Or App at 598. In fact, as the discussion above indicates, the quoted statement in *Foltz* was not a holding, because it was not essential to the result in that case. Nothing in *Foltz* indicates that this court was stating a legal conclusion that a dispute over the "denial" of benefits was subsumed within the larger category of disputes over "amounts" of PIP benefits. Indeed, as noted previously, the statute at issue in *Foltz,* ORS 742.520(6) (1995), *distinguished* between disputes over the "amount" of benefits and disputes over the "denial" of benefits. At most, the sentence from *Foltz* that the Court of Appeals quoted here was an incomplete summary of the *facts* of *Foltz*, as presented in the certified questions, which included allegations that the insurer had both "reduced" and "denied" benefits. *See Foltz*, 326 Or at 297 (quoting federal court certification order). And that incompleteness was irrelevant to the legal issues in *Foltz* and to the legal issues here. This court's decision in *Foltz* thus assists neither party.

For the reasons discussed above, this is not a case in which "[t]he insurer has accepted coverage and the only issue is the amount of benefits due the insured[.]" ORS 742.061(2)(a). Because that exception to the otherwise applicable attorney fee statute does not apply and because the parties do not dispute here that the other requirements of ORS 742.061 have been satisfied, plaintiff is entitled to recover a reasonable attorney fee from defendant.

The decision of the Court of Appeals is reversed. The supplemental judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.