On respondent on review's petition for reconsideration filed August 21, petition for reconsideration granted; opinion modified; opinion adhered to as modified November 8, 2007

Omar J. GRISBY,
*Petitioner on Review,*

*v.*

PROGRESSIVE PREFERRED
INSURANCE COMPANY,
*Respondent on Review.*

(CC 0305-05057; CA A128089; SC S54196)

171 P3d 352

Michael A. Lehner, Lehner & Rodrigues PC, Portland, filed the petition for reconsideration for respondent on review.

No appearance *contra*.

BALMER, J.

**BALMER, J.**

Defendant Progressive Preferred Insurance Company petitions for reconsideration of this court's decision in *Grisby v. Progressive Preferred Ins. Co.*, 343 Or 175, 166 P3d 519 (2007). We allow the petition for reconsideration, modify our earlier decision and, as modified, adhere to that decision.

The issue in this case is whether plaintiff, an insured who had prevailed in a personal injury protection (PIP) dispute with his insurer, can recover his attorney fees under ORS 742.061. That statute provides that a successful plaintiff is entitled to recover attorney fees, but it also includes an exception to the award of fees if two conditions are met: "[t]he insurer has accepted coverage" and "the only issue is the amount of benefits due the insured[.]" ORS 742.061(2)(a). In our earlier opinion in this case, we held that neither of the required conditions had been met for the exception to apply and that plaintiff therefore was entitled to recover his attorney fees. Specifically, we held that the insurer had not "accepted coverage" within the meaning of the statute and that the "amount of benefits due the insured" was not the "only" issue in the insured's claim against his insurer. *Grisby*, 343 Or at 180-83.

▪ Defendant contends that we erred in concluding that it had not "accepted coverage" as that term is used in ORS 742.061(2).[1] In particular, defendant disputes the statement that the phrase "accepted coverage"

> "is not limited to a one-time decision by the insurer that a particular accident is within the scope of a policy that it had issued (and that the insurer now has obligations under that policy), but rather is an ongoing series of decisions 'accepting' or 'denying' coverage of particular claims for services rendered by medical providers."

*Grisby*, 343 Or at 181.

---

[1] Defendant raises four issues in its petition for reconsideration. We have considered each one and conclude that, except for the issue discussed in the text, they are not well-taken.

Defendant argues that that interpretation of the phrase "accepted coverage" is not consistent with other parts of ORS 742.061(2). That statute provides, in part:

> "Subsection (1) of this section [the provision that allows attorney fees] does not apply to actions to recover [PIP] benefits if, in writing, *not later than six months from the date proof of loss is filed with the insurer*:
>
> "(a) The insurer has accepted coverage and the only issue is the amount of benefits due the insured[.]"

ORS 742.061(2) (emphasis added). Defendant asserts that, under the statute, the "acceptance" of "coverage" is a single event that (for the exception in the statute to apply) must occur within six months from the date that proof of loss is filed with the insurer. In defendant's view, the statement in our earlier opinion that acceptance of coverage can be "an ongoing series of decisions" to accept or deny particular claims for services cannot be squared with the statutory requirement that the insurer "accept[ ] coverage" within six months of the filing of a proof of loss. Indeed, defendant states, an insurer may continue to receive and process claims from an insured's health care providers for more than six months after the insured files a "proof of loss."

Defendant's argument is well-taken. We agree with defendant that the statements in our earlier opinion regarding the interpretation of the phrase "accepted coverage" in ORS 742.061(2)(a), *Grisby*, 343 Or at 180-81, may not have been correct, and we disavow them. Similarly, we disavow our statement that defendant did not accept coverage of plaintiff's claim. *Grisby*, 343 Or at 181.

■ As noted above, the exception in ORS 742.061(2) to the otherwise applicable attorney fee requirement in ORS 742.061(1) is available only if *both* requirements are met, *i.e.*, only if the insurer has "accepted coverage" *and* "the only issue is the amount of benefits due the insured[.]" On reconsideration, we have concluded that this court's interpretation and application of the phrase "accepted coverage" may not have been correct.[2] Those modifications, however, do not

---

[2] We need not (and do not) decide whether, in this case, defendant "accepted coverage" of plaintiff's claim within the meaning of ORS 742.061(2)(a) when it sent

alter the additional conclusion that we reached in our earlier opinion that the PIP dispute included issues in addition to the "amount of benefits due the insured[.]" 343 Or at 182-83. Because that requirement of ORS 742.061(2) was not met, the disposition in our earlier opinion—that the exception to the attorney fee provision does not apply and that plaintiff is entitled to attorney fees—remains the same.

Petition for reconsideration granted; opinion modified; opinion adhered to as modified.

---

plaintiff a letter stating that it had "accepted coverage" and would provide "coverage for reasonable and necessary medical expenses directly related to the accident."