Roman KIRYUTA,
*Plaintiff-Appellant,*

*v.*

COUNTRY PREFERRED INSURANCE COMPANY,
*Defendant-Respondent.*

Multnomah County Circuit Court
130101380; A156351

359 P3d 480

Willard E. Merkel argued the cause for appellant. With
him on the briefs was Merkel & Associates.

Andrew D. Glascock argued the cause for respondent. On
the brief were Jennifer A. Durham and Hiefield Foster &
Glaskcock.

Before Lagesen, Presiding Judge, and Flynn, Judge, and
De Muniz, Senior Judge.

DE MUNIZ, S. J.

## DE MUNIZ, S. J.

In this insurance case, defendant, an insurance company, was alleged to have breached its insurance policy when it failed to pay the benefits demanded by plaintiff for personal injuries sustained in an automobile accident. Before plaintiff filed a civil action, defendant issued a so-called attorney fee "safe-harbor" letter in accordance with ORS 742.061(3). The case was arbitrated and, notwithstanding defendant's safe-harbor letter, the arbitrator awarded attorney fees to plaintiff. On review of the arbitrator's fee award, the circuit court concluded that defendant's safe-harbor letter precluded an award of fees to plaintiff. We conclude otherwise. Defendant made allegations in its responsive pleadings that raised issues other than the liability of the driver and "the damages due the insured," and, therefore, defendant is not eligible for the attorney fee safe harbor in ORS 742.061(3). We therefore reverse the trial court judgment and remand for entry of a judgment awarding plaintiff reasonable attorney fees.

Plaintiff was injured in an automobile accident and obtained personal injury protection (PIP) benefits and two damage settlements. Plaintiff then made a claim for underinsured motorist (UIM) benefits; defendant denied the claim and subsequently issued a letter that complied with the requirements of ORS 742.061(3). Plaintiff filed a civil action against defendant alleging that its failure to pay UIM benefits breached the insurance policy. In its answer, defendant set out affirmative defenses entitled "Contractual Compliance" and "Offset." Plaintiff prevailed in the arbitration and filed an attorney fee petition under ORS 742.061(1), arguing that defendant's answer and its response to certain requests for admissions raised issues for arbitration other than liability of the driver and the damages due to plaintiff. The arbitrator awarded plaintiff attorney fees, and defendant filed exceptions to the attorney fee award in the trial court, contending that its safe-harbor letter precluded an award of fees. The circuit court allowed defendant's exceptions and reversed the arbitrator's award of attorney fees. Plaintiff appeals.

ORS 742.061(1) provides that an insured is entitled to an award of attorney fees if a settlement of an insurance claim "is not made within six months from the date [when] proof of loss is filed with an insurer" and the insured recovers more than any amount that the insurer has tendered. However, under ORS 742.061(3), the insured is not entitled to an award of attorney fees if, within six months of the filing of the proof of loss, "the insurer states in writing that it accepts coverage, that the only remaining issues are the liability of the [uninsured or the] underinsured motorist and the amount of damages due the insured, and that it consents to binding arbitration." *Zimmerman v. Allstate Property and Casualty Ins.*, 354 Or 271, 273, 311 P3d 497 (2013).

On appeal, plaintiff challenges the trial court's determination that defendant is entitled to the safe-harbor protection because it issued a letter that met the requirements of ORS 742.061(3). Plaintiff contends that defendant raised issues in the civil action other than the liability of the uninsured or underinsured motorist and the damages due plaintiff that preclude eligibility for the safe-harbor protection under ORS 742.061(3). We conclude, for the reasons explained herein, that plaintiff is correct.

Our opinion in *Cardenas v. Farmers Ins. Co.*, 230 Or App 403, 215 P3d 919 (2009), provides helpful background. In that case, the plaintiff was injured in an automobile accident and was entitled to uninsured motorist (UM) benefits. The plaintiff accepted $800 in UM benefits and signed the defendant's release form. Subsequently, the plaintiff filed a civil action, alleging that the release was unenforceable and that the plaintiff was entitled to greater UM benefits than she had received. *Id.* at 405. The plaintiff prevailed in the arbitration, but was denied attorney fees by the arbitrator because the defendant had issued a safe-harbor letter in accordance with ORS 742.061(3). The plaintiff filed an exception to that ruling in the circuit court. The circuit court concluded that the defendant was not entitled to safe-harbor immunity from an attorney fee award under ORS 742.061(3) because, in arguing that the release was unenforceable, the defendant had raised an issue other than the damages due the insured. *Id.* at 407. The defendant appealed, arguing

that the enforceability of a release pertained only to an issue of damages, because a "dispute is about the 'damages due' even if the dispute is about *whether* any damages are owed at all." *Id.* at 408 (emphasis in original) (internal quotation marks omitted).

The defendant in *Cardenas* acknowledged that, in *Grisby v. Progressive Preferred Ins. Co.*, 343 Or 175, 182, 166 P3d 519, *adh'd to as modified on recons*, 343 Or 394, 171 P3d 352 (2007), the Supreme Court had held, under ORS 742.061(2) (the "safe-harbor" provision applicable the context of claims relating to PIP benefits), that the phrase "the only issue [in the plaintiff's PIP coverage action] is the amount of benefits due the insured" demonstrated the legislature's "intent to limit the attorney fee exception of ORS 742.061(2) to disputes over the quantum of benefits and to exclude from the effect of that provision *other* disputes about the 'benefits due the insured.'" *Cardenas*, 230 Or App at 408 (emphasis in original) (internal quotation marks omitted). The court went on in *Grisby* to explain that, in asserting that the plaintiff's need for chiropractic treatment was not caused by the accident, the defendant had disputed not just the amount of the benefit due, but had also disputed whether it should pay for those services at all and, therefore, could not take advantage of the safe harbor in ORS 742.061(2). 343 Or at 182-83.

The defendant in *Cardenas* argued that, because the words "amount of" used in ORS 742.061(2) are not used in subsection (3) of the statute, the legislature intended for the safe-harbor provision in subsection (3) to apply to UM cases that include disputes about issues other than the monetary damages due an insured. 230 Or App at 409. For two reasons, we rejected the insurer's argument that the absence of the words "amount of" from subsection (3) required the subsection to be interpreted differently from subsection (2). First, if, in omitting the phrase "amount of," the legislature intended to signal that disputes about damages could include any dispute that has an effect on the amount of damages, the exception to insurer liability cases would nearly swallow the rule, in that it is difficult to envision any UM claim that is not ultimately about whether the

insured is entitled to damages and, if so, how much. In other words, "[t]he universe of cases in which the only issues are liability and damages would be the same as the universe of cases in which the only issue is liability, because there would not be any cases in which damages are *not* an issue." *Id.* at 410 (emphasis in original). Second, the defendant's argument that the UM provision differs from the PIP provision because the legislature intended the UM safe harbor to be much more expansive was inconsistent with the legislative history indicating that the "amount of" terms were necessary in subsection (2) because, in PIP claims, liability is not an issue. *Id.* Ultimately, we concluded that damages were not the only issue submitted in that case, because only after the court had resolved the preliminary issue regarding the enforceability of the release could it determine the damages that the plaintiff should receive under the policy. *Id.* at 412.

We now turn to the question whether defendant raised, in this action, issues or claims other than the damages due plaintiff, rendering defendant ineligible for the attorney fee safe harbor in ORS 742.061(3). As noted above, defendant claims that it did not raise, nor was there litigated in the arbitration, any issue other than the damages due plaintiff. Plaintiff responds that defendant raised issues in its pleadings that were not confined to the damages due plaintiff and that, in doing so, regardless of whether defendant put on any proof in the arbitration regarding those issues, defendant lost its eligibility for safe-harbor protection under ORS 742.061(3). We agree with plaintiff.

Defendant's answer alleged affirmative defenses, which defendant labeled "Contractual Compliance" and "Offset." Defendant argues that the affirmative defenses labeled "Contractual Compliance" and "Offset" were not intended to assert that some term in the policy prevented plaintiff from recovering any damages. And, in any event, defendant contends, no issues other than the damages due plaintiff were litigated in the arbitration.

In this state, a party's pleadings matter, and "[i]t is a theory long in use in the practice of law that the pleadings declare and control the issues to be determined and

the relations that the parties bear to each other." *Warner v. Synnes et al.*, 114 Or 451, 459-60, 235 P 305 (1925); *see also Wold v. City of Portland*, 166 Or 455, 470-71, 112 P2d 469 (1941) (citing *Warner* for the proposition that an action tried on pleadings of negligence could not be affirmed on appeal under an unpleaded theory of nuisance). In particular, a party's pleadings set the boundaries for evidence that can be admitted at trial. *See Cutsforth v. Kinzua Corp.*, 267 Or 423, 428-29, 517 P2d 640 (1973) (plaintiff could not present evidence to support allegation of negligence that was properly stricken from the pleading); Laird C. Kirkpatrick, *Oregon Evidence* § 401.03, 141-42 (5th ed 2007) (relevance depends on allegations pleaded by the parties).

Generally, a defendant's responsive pleading has two functions: informing the plaintiff of facts that a defendant intends to prove at trial and providing the trial court a pleading foundation for taking testimony and instructing the jury. *See Ritter v. Beals et al.*, 225 Or 504, 517-18, 358 P2d 1080 (1961) ("A pleading of an affirmative defense has two functions. It must inform the plaintiff of facts which the defendant will prove. It must also give the trial court a pleading foundation for the taking of testimony and ultimately for instructing the jury."). Stated differently, a defendant's pleading can extend the boundaries of relevancy initially established by a plaintiff's pleadings.

Here, defendant's pleadings provided a foundation for defendant to litigate an issue other than the amount of plaintiff's damages or liability of the underinsured driver. In other words, through its answer, defendant pursued a litigation strategy that was broader than that contemplated by the legislature in ORS 742.061(3). The fact that defendant may not have followed through with that litigation strategy at the arbitration proceeding makes no difference. Defendant was in control of its own pleadings and was in a position to conform those pleadings to the limitations of the safe-harbor provision, by alleging only ultimate facts that pertained to the liability of the uninsured or underinsured motorist and the damages due plaintiff. Defendant nonetheless opted to include issues in its pleadings other than those issues permitted by the safe-harbor provision, and it did not amend those pleadings before the arbitration

hearing to limit the issues at the hearing to those allowed by the safe-harbor provision.[1] As a result, plaintiff had to be prepared at the arbitration hearing to meet any proof that defendant might offer consistent with its pleadings. Under those circumstances, we conclude that defendant's conduct was inconsistent with the safe-harbor provision and that the trial court erred in not awarding plaintiff his reasonable attorney fees.

Reversed and remanded for entry of judgment awarding reasonable attorney fees to plaintiff.

---

[1] In noting that defendant did not amend its pleadings, we do not intend to suggest that, by amending the pleadings before the hearing, defendant necessarily would have been entitled to avail itself of the safe-harbor provision. However, we also do not foreclose the possibility that a defendant that files an answer seemingly raising issues outside of the safe-harbor provision could retain safe-harbor protection by amending its pleadings in a timely way or otherwise demonstrating that only the issues of liability and damages are in dispute so as to conform them to the requirements of ORS 742.061(3).