No. 45 July 14, 2016 1

IN THE SUPREME COURT OF THE
STATE OF OREGON

Roman KIRYUTA,
*Respondent on Review,*

*v.*

COUNTRY PREFERRED INSURANCE COMPANY,
*Petitioner on Review.*

(CC 130101380; CA A156351; SC S063707)

En Banc

On review from the Court of Appeals.*

Argued and submitted May 10, 2016.

John R. Bachofner, Jordan Ramis PC, Vancouver, Washington, argued the cause and filed the brief for petitioner on review.

Willard E. Merkel, Merkel and Associates, Portland, argued the cause and filed the brief for respondent on review.

WALTERS, J.

The decision of the Court of Appeals is affirmed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for entry of judgment awarding reasonable attorney fees to plaintiff.

_____
    * Appeal from Multnomah County Circuit Court, Nan G. Waller, Judge. 273 Or App 469, 359 P3d 480 (2015).

**WALTERS, J.**

Plaintiff was injured in an automobile accident and filed a claim for underinsured motorist (UIM) benefits with Country Preferred Insurance (defendant). Under ORS 742.061(1), a plaintiff seeking UIM benefits is entitled to recover reasonable attorney fees if timely settlement is not made and the plaintiff's recovery exceeds the defendant's tender.[1] However, ORS 742.061(3) provides a "safe harbor" from such an award when the insurer, in writing, has accepted coverage; the only issues are "the liability of the uninsured or underinsured motorist" and "the damages due the insured;" and the insurer has consented to submit the case to binding arbitration.

In this case, the insurer submitted a letter that satisfied the attorney fee safe harbor requirements of ORS 742.061(3). The case was arbitrated, and plaintiff prevailed and was awarded attorney fees. Defendant filed exceptions to the fee award in the circuit court, and the court concluded that defendant's safe harbor letter precluded the award of fees. Plaintiff appealed to the Court of Appeals, and that court reversed, holding that defendant was ineligible for the protection of the attorney fee safe harbor because, in arbitration, in its answer to plaintiff's complaint, defendant had raised issues in addition to the liability of the underinsured motorist and the damages due to plaintiff. *Kiryuta v. Country Preferred Ins. Co.*, 273 Or App 469, 473, 359 P3d 480

---

[1] ORS 742.061 provides, in part:

"(1) Except as otherwise provided in subsections (2) and (3) of this section, if settlement is not made within six months from the date proof of loss is filed with an insurer and an action is brought in any court of this state upon any policy of insurance of any kind or nature, and the plaintiff's recovery exceeds the amount of any tender made by the defendant in such action, a reasonable amount to be fixed by the court as attorney fees shall be taxed as part of the costs of the action and any appeal thereon. * * *

"* * * * *

"(3) Subsection (1) of this section does not apply to actions to recover uninsured or underinsured motorist benefits if, in writing, not later than six months from the date proof of loss is filed with the insurer:

"(a) The insurer has accepted coverage and the only issues are the liability of the uninsured or underinsured motorist and the damages due the insured; and

"(b) The insurer has consented to submit the case to binding arbitration."

(2015). On review, we agree with the Court of Appeals that defendant is not entitled to the protection of ORS 742.061(3). We affirm the decision of the Court of Appeals, reverse the decision of the trial court, and remand for entry of judgment awarding plaintiff reasonable attorney fees.

In this case, the parties do not dispute that defendant issued a timely letter accepting coverage, agreeing to limit the issues for arbitration to "the liability of the uninsured or underinsured motorist" and "the damages due the insured," and consenting to submit the claim to arbitration.[2] ORS 742.061(3). What is disputed is whether, as pleaded, the issues for arbitration actually were so limited.

In arbitration, defendant filed an answer to plaintiff's complaint. In that answer, defendant admitted or denied various allegations in plaintiff's complaint and, in addition, alleged two affirmative defenses. In its first affirmative defense, labeled "Offset," defendant alleged:

"To the extent that any UIM/UM benefits are found owing[,] the UIM/UM benefits are subject to offsets set forth in the policy of insurance and Oregon statutes, including offsets for all sums paid or payable for anyone who is legally responsible for plaintiff's injuries, if any. [Defendant] is further entitled to offset the amount of any UIM/UM benefits for any amount of PIP payments made by [defendant]."

In its second affirmative defense, labeled "Contractual Compliance," defendant alleged:

"To the extent any UIM/UM benefits are found ow[ing], the UIM/UM benefits are subject to all terms and conditions of the policy of insurance, including UIM/UM limits and 'other clauses.'"

Plaintiff contends that, because defendant pleaded those two affirmative defenses, the requirement that the issues be

---

[2] The parties also do not dispute that plaintiff is entitled to attorney fees if defendant failed to satisfy the requirements of ORS 742.061(3). Defendant argued before the trial court that, because plaintiff ultimately recovered less than what defendant had offered in an ORCP 54 E Offer to Allow Judgment, plaintiff was not entitled to attorney fees. However, defendant did not renew that argument in the Court of Appeals and does not raise it here, except to note its trial court argument that ORCP 54 E provides a distinct basis for denial of fees. We do not address that argument here.

limited to motorist liability and damages, ORS 742.061(3)(c), was not met.

In responding to that contention, defendant appears to accept that a defendant-insurer that sends a letter invoking the attorney fee safe harbor protection of ORS 742.061(3) may lose that protection if it files an answer in arbitration that is inconsistent with the terms of the letter and ORS 742.061(3). Defendant's position is reasonable. When, as framed by the pleadings, the "issues" for arbitration are not limited to "the liability of the uninsured or underinsured motorist" and "the damages due the insured," the insurer is not entitled to the protection of ORS 742.061(3). ORS 742.061(3)(a); *see Cardenas v. Farmers Ins. Co.*, 230 Or App 403, 215 P3d 919 (2009) (defendant sent compliant safe harbor letter but was ineligible for safe harbor because, at arbitration, defendant also raised issue inconsistent with requirements of ORS 742.061(3)).

What defendant argues instead is that its answer was not inconsistent with the requirements of ORS 742.061(3). Defendant contends that, in its answer, it did not dispute plaintiff's entitlement to UM/UIM coverage and that its affirmative defenses related to only the amount of the damages, if any, to which plaintiff was entitled. The "offset" defense, defendant argues, served to put the arbitrator on notice that plaintiff's ultimate recovery would be subject to legislatively authorized offsets and reductions. And the "contractual compliance" defense asserted only that plaintiff's recovery could not exceed the UM/UIM limits in the policy agreement.

Plaintiff responds that any defense that a defendant-insurer raises that could result in plaintiff receiving no recovery at all vitiates the protection of ORS 742.061(3). For that argument, plaintiff cites this court's decision in *Grisby v. Progressive Preferred Ins. Co.*, 343 Or 175, 166 P3d 519, *adh'd to as modified on recons*, 343 Or 394, 171 P3d 352 (2007).

In *Grisby*, this court considered a different safe harbor provision than that at issue here—the safe harbor provision applicable to claims for personal injury protection (PIP) benefits, ORS 742.061(2). 343 Or at 179. That safe harbor

provision is applicable when "the only issue is the amount of benefits due the insured."[3] ORS 742.061(2)(a). In *Grisby*, the insurer had disputed not only the amount of benefits due, but also whether the insured could recover benefits for certain chiropractic treatment. 343 Or at 182. The court concluded that the insurer was not entitled to the safe harbor protection of the statute because a dispute about a claim for particular benefits was not a dispute about the "amount of benefits." *Id*. at 183.

Plaintiff argues that the reasoning in *Grisby* properly extends to the safe harbor provision applicable in UM/ UIM cases. Plaintiff reasons that, like the word "amount" in ORS 742.061(2)(a), the word "due" in ORS 742.061(3)(a) evinces a legislative intent to deny safe harbor to insurers that do not limit the issues in arbitration to the amount of the damages that an insured should receive, but instead contest whether they owe the insured any damages at all. Plaintiff concedes that an insurer does not expose itself to attorney fees by contesting the liability of an uninsured or underinsured motorist, but contends that the insurer may be required to pay attorney fees if it raises an affirmative defense that, for some other reason, could result in a determination that the insurer owes no damages at all to the insured.

Defendant disagrees that this court's ruling in *Grisby* may be extended to UM/UIM proceedings. Defendant contends that the Court of Appeals erroneously has equated the phrase "the damages due the insured" in ORS 742.061(3)(a) with the phrase "the amount of benefits due the insured" in ORS 742.061(2)(a). *See Cardenas*, 230 Or App at 412 (holding defendant insurance company ineligible for safe harbor in UM case, because defendant asserted that release agreement barred further recovery by plaintiff). PIP benefits,

---

[3] The attorney fee safe harbor provision that applies in the context of PIP benefits, ORS 742.061(2), provides:

"Subsection (1) of this section does not apply to actions to recover personal injury protection benefits if, in writing, not later than six months from the date proof of loss is filed with the insurer:

"(a) The insurer has accepted coverage and the only issue is the amount of benefits due the insured; and

"(b) The insurer has consented to submit the case to binding arbitration."

defendant asserts, are different in nature from UM/UIM benefits.

Defendant argues that, in calculating PIP benefits, the only questions are the reasonableness of the charges and whether they are related to the accident. In contrast, defendant contends, the purpose of UM/UIM insurance is to "put the person injured by an uninsured [or underinsured] motorist in the same position he would be in had he been injured by an insured motorist." *Vega v. Farmers Ins. Co.*, 323 Or 291, 306 n 13, 918 P2d 95 (1996) (internal quotation marks omitted). Consequently, defendant continues, the insurance statutes in ORS chapter 742 require the insurer to pay all sums that the insured is legally entitled to recover from the uninsured or underinsured motorist. ORS 742.504(1)(a). Those sums include the amount of damages that "[a] claimant could have recovered in a civil action from the owner or operator at the time of the injury after determination of fault or comparative fault and resolution of any applicable defenses," and which "[a]re no larger than benefits payable under the terms of the policy." ORS 742.504(2)(j). Therefore, defendant asserts, defendant-insurers must be permitted to raise affirmative defenses in UM/UIM cases, including defenses that may result in no recovery by the insured.

The parties are correct that this court's decision in *Grisby* concerned ORS 742.061(2), the attorney fee safe harbor provision applicable to PIP benefits, and that we have not decided whether an insurer remains eligible for safe harbor protection in UM/UIM cases, under ORS 742.061(3), when the insurer raises a defense that could result in no recovery by the insured. Given the circumstances presented here, however, that is an issue for another day. The only question that we need to resolve to decide this case is whether one or more of defendant's affirmative defenses raised an issue beyond "the liability of the uninsured or underinsured motorist" and "the damages due the insured." ORS 742.061(3)(a).

We conclude that, in alleging, in its "contractual compliance" defense, that plaintiff's UIM benefits were subject to "all terms and conditions" of the policy of insurance,

defendant necessarily opened the arbitration to issues beyond motorist liability and damages due. Defendant's affirmative defense did not rest solely on the UIM/UM policy limits; it alleged that plaintiff's UIM benefits were subject to "other clauses" of the policy as well. Thus, defendant's answer extended the boundaries of relevancy in the arbitration proceeding to any "terms and conditions" of the policy that could defeat plaintiff's claim for benefits, including those that could potentially result in denial of coverage for plaintiff's losses.

At oral argument before this court, defendant contended that, in the part of its answer in which it admitted or denied plaintiff's allegations, it had conceded coverage. It is true that, in one paragraph of that part of its answer, defendant admitted that plaintiff had conformed to all policy conditions and requirements and had performed all preconditions to the recovery of benefits.[4] However, the admissions in that paragraph do not address other provisions of the insurance policy that potentially could preclude coverage of plaintiff's losses and therefore do not demonstrate that defendant accepted coverage. Moreover, defendant's "contractual compliance" affirmative defense is broadly worded and permits defendant to invoke any of the "terms and conditions" of the insurance policy to defeat plaintiff's claim. As pleaded,[5] the issues in the arbitration were not sufficiently limited to entitle defendant to the protection of ORS 742.061(3). *See* ORS 742.061(3)(a) (limiting safe harbor protection to cases where insurer has accepted coverage and only issues are liability of uninsured or underinsured motorist and damages due).

---

[4] Paragraph six of defendant's answer provides: "Country admits the allegations in paragraph eight of plaintiff's complaint." In plaintiff's paragraph eight, plaintiff had alleged:

"That Plaintiff has in all things conformed to and observed all of the articles, stipulations and conditions which, on Plaintiff's part, were required to be observed and performed according to the policy thereto annexed, including the requirements of the policy and ORS 742.504 *et seq.* Plaintiff has duly performed all preconditions to the recovery of benefits under the policy of insurance."

[5] Because defendant did not do so here, we do not address whether defendant would have been eligible for the protection of the safe harbor provision had defendant, before the arbitration proceeding began, timely amended its answer to delete the problematic allegations.

Having determined that defendant's allegation that plaintiff's UIM benefits are subject to all "terms and conditions" of its policy of insurance precludes defendant from obtaining the protection of ORS 742.061(3), we need not decide whether another aspect of defendant's "contractual compliance" defense (defendant's allegation that plaintiff's UIM benefits are subject to UIM/UM limits) or its "offset" affirmative defense also precludes defendant from relying on that attorney fee safe harbor provision. In the circumstances presented here, we conclude that the trial court erred in failing to award plaintiff reasonable attorney fees.

The decision of the Court of Appeals is affirmed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for entry of judgment awarding reasonable attorney fees to plaintiff.