LAGESEN, J.
*699 Plaintiff was injured in a car accident. After settling his tort claim against the motorist who caused the accident, he brought this action for underinsured motorist (UIM) benefits against his insurer, defendant Allstate Fire and Casualty Company. The case went to trial and the jury returned a verdict of $162,484.35 in plaintiff's favor. Pursuant to ORS 31.555, the trial court offset personal injury protection (PIP) benefits that defendant previously paid to plaintiff against the verdict and entered judgment for plaintiff in the amount of $57,521.78. Later, the court denied plaintiff's request for attorney fees, concluding that defendant was entitled to the statutory "safe harbor" protection of ORS 742.061(3). Plaintiff appeals, assigning error to (1) the trial court's denial of his attorney fees request and (2) the trial court's decision to offset PIP benefits against the damages awarded by the jury. We agree with plaintiff as to the attorney fees but not as to the *251 offset. We therefore reverse and remand for reconsideration of plaintiff's request for attorney fees but otherwise affirm.
We start with the issue of attorney fees. The trial court denied plaintiff's request for fees based on its conclusion that defendant had sent a letter to plaintiff that was adequate to invoke the statutory safe harbor from attorney fees afforded to insurers by ORS 742.061(3).[1] Under ORS 742.061(1), a plaintiff in an action on an insurance policy generally is entitled to recover attorney fees if "the plaintiff's recovery exceeds the amount of any tender made by the defendant in such action." ORS 742.061(3), however, creates an exception-or safe harbor-to that entitlement in an action for UIM benefits
"if, in writing, not later than six months from the date proof of loss is filed with the insurer:
"(a) The insurer has accepted coverage and the only issues are the liability of the *** underinsured motorist and the damages due the insured; and *700 "(b) The insurer has consented to submit the case to binding arbitration."
See generally Kiryuta v. Country Preferred Ins. Co. , 360 Or. 1, 376 P.3d 284 (2016) (discussing operation of statutory safe harbor provision). Whether an insurer's letter is sufficient to invoke the safe harbor provision is a question of law, and we review the trial court's ruling for legal error. See Zimmerman v. Allstate Property and Casualty Ins. , 354 Or. 271, 292-94, 311 P.3d 497 (2013) (so doing); see also Robinson v. Tri- County Met . , 277 Or.App. 60, 61, 370 P.3d 864 (2016) (reviewing a ruling on an entitlement to attorney fees for legal error).
Here, the trial court erred. ORS 742.061(3) is unequivocal. To invoke the safe harbor, an insurer must have, in writing, "accepted coverage and the only issues are the liability of the *** underinsured motorist and the damages due the insured." ORS 742.061(3) (emphasis added). Although an insurer's written communication need not necessarily recite the statutory wording, it must demonstrate that the statutory prerequisites for the safe harbor protection are met. See, e.g. , Grisby v. Progressive Preferred Ins. Co. , 343 Or. 175, 180, 166 P.3d 519, adh'd to as modified on recons , 343 Or. 394, 171 P.3d 352 (2007) ; Zimmerman , 354 Or. at 293, 311 P.3d 497 (concluding that insurer's statement that it was " 'willing to submit to binding arbitration' " was adequate to communicate to insured required statutory message that insurer "consent[ed] to submit to binding arbitration").
Defendant's letter in this case did not do that. In particular, the letter did not limit the issues on the table to "only" the liability of the underinsured motorist and damages. Instead, the letter stated that those issues were defendant's current "focus": "We will now focus our efforts on liability issues and damages related to this claim." The word "focus," in the way used by defendant, ordinarily means "to cause to be concentrated." Webster's Third New Int'l Dictionary 881 (unabridged ed. 2002). ORS 742.061(3) demands more from an insurer wishing to invoke the safe harbor. An insurer's commitment to concentrate on the issues of liability and damages is not enough; the insurer must commit that those are the only issues, to the exclusion of all other issues-that is, if the insurer wishes to secure *701 the benefit of the safe harbor.[2] Although it would have been simple for defendant to make that commitment, if that is what defendant intended to do, defendant did not do so here. We therefore reverse the trial court's denial of attorney fees and remand for further consideration of plaintiff's fee petition.
The remaining question presented by this appeal is whether the trial court *252 erred when it offset PIP benefits paid to plaintiff by defendant against the jury's verdict under ORS 31.555.[3] Plaintiff acknowledges that the verdict form "does not permit the Court to determine whether the damages awarded by the jury overlap with the PIP benefits previously paid by the insurer," thus allowing for the possibility that the jury's verdict compensated plaintiff for injuries for which plaintiff previously received PIP benefits. Plaintiff nonetheless contends that defendant gave up the ability to claim an offset when it "consented to the use of the non-segregated Verdict form in this case."
Defendant responds that it was plaintiff's obligation to submit a segregated verdict form that would enable the trial court to determine whether the jury's award of damages overlapped with the PIP benefits paid by defendant under Dougherty v. Gelco Express Corp ., 79 Or.App. 490, 719 P.2d 906 (1986), and Wade v. Mahler , 167 Or.App. 350, 1 P.3d 485, rev. den. , 331 Or. 334, 23 P.3d 986 (2000), among other cases. Although plaintiff submitted a verdict form, which the court ultimately did not deliver, defendant points out that plaintiff's requested verdict form did not ask the jury to segregate its damages award in a manner that would have permitted the court to discern whether the damages award overlapped with the PIP benefits that plaintiff received. Instead, the verdict form submitted by plaintiff asked only that the jury *702 identify the "economic and noneconomic damages from the traffic accident" for which plaintiff "has not previously been compensated by his $100,000 settlement" with the motorist who caused the accident and that motorist's insurance company.
Under our recent decision in Cooksley v. Lofland , 289 Or.App. 103, 407 P.3d 954 (2017), defendant is correct. In Cooksley , we concluded that the trial court did not err in granting an offset under ORS 31.555 for previously paid PIP benefits where, as here, "the verdict form did not indicate whether the jury considered the PIP reimbursement in awarding damages, and * * * plaintiff's proposed verdict form, had it been used, would not have eliminated that resulting ambiguity." Id . at 107-08, 407 P.3d 954. Our reasoning in Cooksley applies with equal force to the facts of this case, and demonstrates that the trial court did not err when it allowed the challenged offset.
Reversed and remanded as to attorney fees; otherwise affirmed.

Defendant in its brief states that plaintiff conceded the issue of the adequacy of the safe harbor letter. Having reviewed the record, we reject that contention. Although plaintiff did not contest the adequacy of the letter during summary judgment proceedings, plaintiff clearly contested the adequacy of the letter post-trial, which was when the court resolved the issue of its adequacy.

An insurer is always entitled to reserve and raise issues other than liability and damages in a UIM action-the limitation on issues imposed by ORS 742.061(3) applies only to those insurers seeking to avoid application of the ORS 742.061(1) attorney fee provision.

In his reply brief, plaintiff raises several additional arguments as to why the trial court's offset was in error. Those arguments were not raised until plaintiff's reply brief, and we reject them for that reason. Federal National Mortgage Association v. Goodrich , 275 Or.App. 77, 86, 364 P.3d 696 (2015) ("We will not consider a ground for reversal that is raised on appeal for the first time in a reply brief.").