***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Argued and submitted November 22, affirmed December 29, 2022

Emanuel STOCKTON,
Personal Representative of the Estate of
Krystal Marie Tapken-Stockton,
*Plaintiff-Appellant,*

*v.*

Adrienne F. MEE,
*Defendant-Respondent.*

Marion County Circuit Court
18CV41450; A176174

Audrey J. Broyles, Judge.

Zachary Dablow argued the cause and filed the briefs for appellant.

Matthew J. Kalmanson argued the cause for respondent. Also on the brief was Hart Wagner LLP.

Before Tookey, Presiding Judge, and Kamins, Judge, and DeVore, Senior Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

In this wrongful death case, plaintiff appeals a judgment after the trial court granted defendant's motion for a directed verdict. The trial court granted the motion after concluding that plaintiff had failed to present evidence that defendant's provision of allegedly negligent medical care caused decedent's death. Plaintiff assigns error to that ruling. We affirm.

"We review the trial court's grant of directed verdict for legal error, considering the evidence in the light most favorable to the party against whom the verdict was entered." *Rudder v. Hosack*, 317 Or App 473, 484-85, 506 P3d 1156, *rev den*, 370 Or 56 (2022). The grant of a directed verdict against a plaintiff's claim "is appropriate only when the defendant is entitled to judgment as a matter of law." *Johnson v. Keiper*, 308 Or App 672, 678, 481 P3d 994 (2021).

"The elements of a claim for medical malpractice include: (1) a duty that runs from the defendant to the plaintiff; (2) a breach of that duty; (3) harm that is measurable in damages; and (4) a causal link between the breach and the harm." *Johnson*, 308 Or App at 678. Ordinarily, "a plaintiff must prove causation in a negligence action by establishing that but for the negligence of the defendant, the plaintiff would not have suffered the harm that is the subject of the claim." *Id.* (internal quotation marks omitted). Where, as here, causation "involves a complex medical question, as a matter of law, no rational juror can find that a plaintiff has established causation unless the plaintiff has presented expert testimony that there is a reasonable medical probability that the alleged negligence caused the plaintiff's injuries." *Baughman v. Pina*, 200 Or App 15, 18, 113 P3d 459 (2005).

We conclude that the trial court did not err. Plaintiff's theory, as framed by his complaint, was that decedent died "due to cardiopulmonary arrest more probably than not due to severe asthma," and that that was caused by defendant's failure to refer decedent to a certified pulmonologist, failure to perform testing to determine the nature of

decedent's illness, and failure to properly diagnose decedent with asthma.

There is no dispute that decedent died after suffering from cardiac arrest. But the only expert who testified regarding the cause of decedent's death testified that he did not think it was due to asthma. He further testified that he did not know why she died. Thus, there was no evidence from which a reasonable juror could find that defendant's alleged negligence caused decedent's death due to asthma, as alleged in the complaint. *See Rodriguez v. Union Pacific Railroad Co.*, 322 Or App 1, 9, 519 P3d 148 (2022) (considering "the complaint as a whole" in determining whether the complaint included a particular theory of liability); *Kiryuta v. Country Preferred Ins. Co.*, 273 Or App 469, 473-74, 359 P3d 480 (2015), *aff'd*, 273 Or App 469 (2016) ("In this state, a party's pleadings matter, and it is a theory long in use in the practice of law that the pleadings declare and control the issues to be determined and the relations that the parties bear to each other." (Internal quotation marks and brackets omitted.)). We reject plaintiff's contention that the allegation that decedent's death was "more probably than not due to severe asthma" was mere surplusage.

In seeking a contrary result, plaintiff points to testimony from his expert that he "would believe" decedent's death "result[ed]" from "improper management" and that he "suspect[ed] that, had [decedent] been *** referred to a pulmonologist, certainly more thorough evaluation would have been done and I believe it would have resulted in more effective therapy and I highly doubt that [decedent] would have" died when she did. But even if we were to disregard how plaintiff's theory of causation is framed by his complaint, in our view, without evidence regarding the cause of decedent's death, and without any evidence concerning what steps a pulmonologist could have taken to decrease the likelihood of decedent's eventual death due to cardiac arrest, it would require conjecture for a reasonable juror to find defendant's negligence more probably than not caused decedent's death. *Trees v. Ordonez*, 354 Or 197, 218, 311 P3d 848 (2013) ("[T]he causal connection between the defendant's acts or omissions and the plaintiff's injuries must not be left to surmise or

conjecture." (Internal quotation marks omitted.)); *see also id.* at 219 (explaining that a doctor's "tentative and equivocal" testimony has been held to be insufficient to establish causation).

Affirmed.