Argued and submitted August 31, affirmed October 14, 2020, petition for review denied April 8, 2021 (367 Or 826)

Tiffany RICE,
*Plaintiff-Appellant,*

*v.*

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,
*Defendant-Respondent.*

Multnomah County Circuit Court
18CV04403; A171563

476 P3d 983

Plaintiff was injured in a motor-vehicle accident and filed a claim with her insurer, defendant, for uninsured motorist benefits. Defendant accepted coverage, but the parties disagreed as to the amount due to plaintiff. Plaintiff maintained that she should be paid the full policy limit, while defendant sought to pay a lesser amount. Defendant eventually agreed to pay the full policy limit. Thereafter, plaintiff petitioned for attorney fees under ORS 742.061. The trial court denied fees based on the safe-harbor provision in ORS 742.061(3), which precludes a fee award to the insured if, within six months of the filing of proof of loss, the insurer "has accepted coverage and the only issues are the liability of the uninsured or underinsured motorist and the damages due the insured." Plaintiff appeals, arguing that the trial court erred because the issues in this case went "beyond liability and damages." Specifically, plaintiff argues that, by not agreeing sooner to pay the full policy limit, defendant breached the implied covenant of good faith and fair dealing and engaged in unfair claim settlement practices in contravention of ORS 746.230(1)(g). *Held*: The trial court did not err. Defendant accepted coverage and disputed only the damages due the insured. There were no "issues" other than liability and damages, so defendant remained within the safe harbor of ORS 742.061(3), even if, in plaintiff's view, defendant should have agreed sooner to pay the full policy limit.

Affirmed.

Karin Johana Immergut, Judge.

Dean Heiling argued the cause for appellant. Also on the briefs was Heiling Dwyer.

Tyler Evan Staggs argued the cause for respondent. Also on the brief were Ralph C. Spooner, David E. Smith, and Spooner & Much, PC.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

AOYAGI, J.

Affirmed.

**AOYAGI, J.**

Plaintiff insured was injured in a motor-vehicle accident. After defendant insurer paid her claim for uninsured motorist (UM) benefits, plaintiff sought an award of attorney fees under ORS 742.061. The trial court denied that request based on the safe-harbor provision in ORS 742.061(3), which, as relevant here, precludes an attorney fee award to the insured if, within six months of the filing of proof of loss, the insurer "has accepted coverage and the only issues are the liability of the uninsured or underinsured motorist and the damages due the insured." Plaintiff appeals, arguing that the safe-harbor provision does not apply because the issues in this case went "beyond liability and damages." For the reasons that follow, we conclude that the trial court correctly construed ORS 742.061(3)(a) and, accordingly, affirm.

The relevant facts are minimal. Plaintiff was injured in a motor-vehicle accident in February 2016. She filed proof of loss with defendant, which, in March 2016, responded in writing that it had received notice of plaintiff's claim, that it "accepted coverage" because plaintiff's injuries were caused by an uninsured motorist, and that "liability and damages [were] the remaining issues to be resolved." Defendant stated that it would attempt to reach a settlement with plaintiff once it had adequate information to evaluate her claim but reminded her of the policy requirements to institute litigation in a timely fashion in the event that a settlement could not be reached.[1]

Plaintiff and defendant engaged in unsuccessful settlement negotiations, during which plaintiff demanded the UM policy limit of $100,000, defendant offered $44,736, plaintiff again demanded $100,000, defendant requested a counteroffer to its $44,736 offer, and plaintiff maintained that she would accept nothing less than $100,000.

---

[1] The letter referred specifically to arbitration, because, to qualify for the safe harbor in ORS 742.061(3), an insurer must consent to submit the case to binding arbitration. ORS 742.061(3)(b). Defendant consented to binding arbitration in its March 2016 letter, but plaintiff later opted to file her claim in state court. The arbitration-consent aspect of ORS 742.061(3) is not at issue in this case.

Defendant eventually sent a check for $44,736, as the "undisputed amount." In February 2018, plaintiff filed suit for the remaining $55,264 under her policy limit, asserting claims for both breach of the insurance contract and breach of the implied covenant of good faith and fair dealing. In October 2018, before the case went to trial, defendant agreed to pay plaintiff the UM policy limit, with the parties reserving for the trial court the contested issue of attorney fees.

Thereafter, plaintiff petitioned for an award of attorney fees, arguing that defendant did not come within the safe harbor of ORS 742.061(3) because, by failing to agree sooner to pay $100,000, defendant had breached the implied covenant of good faith and fair dealing and had engaged in unfair claim settlement practices in contravention of ORS 746.230(1)(g). Defendant opposed a fee award, asserting that the case came squarely within the safe harbor of ORS 742.061(3). The trial court ruled in defendant's favor, concluding that defendant had satisfied the requirements of the safe-harbor provision in ORS 742.061(3) and that plaintiff therefore was not entitled to attorney fees. Plaintiff appeals, challenging that ruling.

Because plaintiff's argument raises a question of statutory construction, we "apply our familiar interpretive methodology, examining the statute's text, context, and relevant legislative history, as well as any applicable maxims of statutory construction, to determine the legislature's intent." *State v. Clemente-Perez*, 357 Or 745, 753, 359 P3d 232 (2015). We begin with the text, as "there is no more persuasive evidence of the intent of the legislature." *State v. Gaines*, 346 Or 160, 171, 206 P3d 1042 (2009). In analyzing text, unless the statute indicates otherwise, we assume that the legislature intended words of common usage to have their "plain, natural, and ordinary meaning." *PGE v. Bureau of Labor and Industries*, 317 Or 606, 611, 859 P2d 1143 (1993).

ORS 742.061 provides, in relevant part:

"(1)  Except as otherwise provided in subsections (2) and (3) of this section, if settlement is not made within six months from the date proof of loss is filed with an insurer and an action is brought in any court of this state upon any policy of insurance of any kind or nature, and the plaintiff's

recovery exceeds the amount of any tender made by the defendant in such action, a reasonable amount to be fixed by the court as attorney fees shall be taxed as part of the costs of the action and any appeal thereon. ＊＊＊

"＊＊＊＊＊

"(3)   Subsection (1) of this section does not apply to actions to recover uninsured or underinsured motorist benefits *if, in writing, not later than six months from the date proof of loss is filed with the insurer:*

"(a)   *The insurer has accepted coverage and the only issues are the liability of the uninsured or underinsured motorist and the damages due the insured*; and

"(b)   The insurer has consented to submit the case to binding arbitration."

(Emphases added.)

The dispute in this case is whether ORS 742.061 (3)(a) applies in the present circumstances. On that issue, we agree with the trial court. In its March 2016 letter, defendant accepted coverage on plaintiff's UM claim, and it identified liability and damages as the only issues to be resolved. Of course, if defendant had proceeded to contest coverage or to seek resolution of issues other than liability and damages, those initial statements would not be dispositive. *See Kiryuta v. Country Preferred Ins. Co.*, 360 Or 1, 8, 376 P3d 284 (2016) (affirming our holding that the defendant insurer was ineligible for the safe-harbor protection of ORS 742.061(3) because, notwithstanding its safe-harbor letter, the defendant had raised in its answer to the plaintiff's complaint issues other than the liability of the underinsured motorist and the damages due the plaintiff). However, that did not occur in this case. Defendant accepted coverage, and the only issue that remained unresolved for longer than six months was the amount of damages.

Under the plain text of the statute, defendant comes within the safe harbor protection of ORS 742.061(3). In arguing otherwise, plaintiff essentially asks us to rewrite the statute, such that only "reasonable" or "good faith" disputes about the liability of an uninsured or underinsured motorist or about the damages due an insured qualify for

the safe harbor. But that position is contrary to the plain text, which, as relevant here, applies whenever the insurer has accepted coverage and "the only *issues* are the liability of the uninsured or underinsured motorist and the damages due the insured." ORS 742.061(3)(a) (emphasis added). Even if a plaintiff believes that liability and damages should *not* be issues, based on the plaintiff's view of the strength of her claim, that does not change the fact that the "issues" in dispute are precisely those described in the safe-harbor provision: the liability of the uninsured or underinsured motorist, and the damages due the insured. Under ORS 742.061(3)(a), if the only "issues" are liability and damages, the safe-harbor provision applies, and there is no room for a plaintiff to argue that liability and damages should not have been disputed on the particular facts of the case.[2]

Nothing about the context of ORS 742.061 supports a different reading of the plain text, nor have the parties identified any useful legislative history that would support a different reading of the plain text. We therefore reject plaintiff's proposed construction of ORS 742.061, which would narrow the safe-harbor provision in a manner contrary to the legislature's intent (as reflected in the plain text of the statute), and which would inject a predicate factual determination for entering the safe harbor (the insurer's good faith or reasonableness in disputing liability or damages) that simply does not exist in the statute. If the legislature had intended to limit the safe harbor in ORS 742.061(3), such that the trial court must determine whether an insurer acted reasonably and in good faith in not settling a UM claim within six months, even if the only disputed issues were the liability of the uninsured or underinsured motorist and the damages due the insured, the statute would so provide. It does not.

_____

[2] In her reply brief, plaintiff cites *Grisby v. Progressive Preferred Ins. Co.*, 343 Or 175, 166 P3d 519, *adh'd to as modified on recons*, 343 Or 394, 171 P3d 352 (2007), in support of the proposition that defendant's purported bad faith in "refus[ing]" to consider that the true amount of plaintiff's damages exceeded the limits of her UM coverage" is an issue that "goes beyond plaintiff's damages." *Grisby* does not support plaintiff's argument. If the parties disagree about the amount of damages due the insured, that is a dispute on the issue of "damages due the insured," ORS 742.061(3), regardless of why the parties disagree. Nothing in *Grisby* suggests otherwise.

At the risk of stating the obvious, we are by no means suggesting that insurers should act unreasonably or in bad faith in handling UM claims. Ideally, neither party in any kind of case would act unreasonably or in bad faith. The question before us is a narrow one: whether the legislature intended trial courts to engage in factual determinations about why parties were unable to settle UM claims within six months, including whether the insurer acted reasonably and in good faith in settlement negotiations, as part of determining whether an insurer qualifies for the safe harbor created by ORS 742.061(3). We conclude only that the legislature did not so intend. Whatever remedy may exist for alleged foot-dragging by insurers in settling UM claims—when the only remaining issues are liability and damages—does not lie in ORS 742.061.

In reaching our conclusion, it bears emphasis that plaintiff's only claim to attorney fees was based on ORS 742.061. If plaintiff had proceeded to trial on her claim for breach of the implied covenant of good faith and fair dealing, she would have had no independent right to attorney fees on that claim. Similarly, even if plaintiff could have proved unfair settlement practices within the meaning of ORS 746.230(g), she had not asserted a statutory claim,[3] it is not obvious that a private remedy is available under that statute,[4] and, in any event, there is no attorney-fee entitlement in that statute. Plaintiff claimed attorney fees only under ORS 742.061(1), which is a statutory basis for attorney fees that is expressly subject to the safe-harbor provision of ORS 742.061(3).

To summarize, in deciding whether the attorney-fee safe harbor in ORS 742.061(3) applies, a trial court must

---

[3] The only mention of ORS 746.230(g) in plaintiff's complaint is in support of her contract claim for breach of the implied covenant of good faith and fair dealing.

[4] In supplemental briefing related to a question that arose at oral argument, plaintiff argues that a private remedy should be implied for violation of ORS 746.230, citing the standard for implying statutory liability from *Deckard v. Bunch*, 358 Or 754, 370 P3d 478 (2016), whereas defendant argues that the legislature has already decided the remedy for a violation of ORS 746.230. *See* ORS 731.988 (providing for the imposition of civil penalties, payable to the General Fund of the State Treasury, when a person violates any provision of the Insurance Code); ORS 731.004 (defining the Insurance Code to include ORS chapter 746). Given the posture of this case, we express no opinion on that issue.

determine whether, not later than six months after the filing of proof of loss, the insurer "accepted coverage," limited any dispute to "the liability of the uninsured or underinsured motorist and the damages due the insured," and consented to submit the case to binding arbitration. If so, the insurer may lose the safe harbor if it later injects additional issues beyond those identified in ORS 742.061(3)(a). *Kiryuta*, 360 Or at 8. But so long as the only disputed issues remain "the liability of the uninsured or underinsured motorist and the damages due the insured," nothing in ORS 742.061 allows a trial court to deprive the insurer of the statutory safe harbor based on a factual determination that the insurer acted unreasonably or in bad faith in contesting liability or damages or not reaching a settlement on those issues earlier.[5] Nor can a plaintiff get around the safe-harbor provision by adding a claim that injects questions about the insurer's reasonableness or good faith in settlement negotiations (such as plaintiff's claim for breach of the covenant of good faith and fair dealing) but that does not carry any right to attorney fees independent of ORS 742.061.

The trial court therefore correctly concluded that defendant came within the safe harbor of ORS 742.061(3) and that plaintiff was not entitled to attorney fees.

Affirmed.

---

[5] To be clear, in this case, the trial court never found that defendant acted unreasonably or in bad faith. Plaintiff's claim for breach of the covenant of good faith and fair dealing was not decided on the merits, and the court did not make any findings in connection with the attorney fee request because it correctly construed ORS 742.061(3).