On appellant's petition for reconsideration filed March 9, and respondent's response filed March 15; reconsideration allowed, former opinion (317 Or App 727, 507 P3d 284) modified and adhered to as modified
May 4, 2022

Susann M. THOENS,
*Plaintiff-Respondent,*

*v.*

SAFECO INSURANCE COMPANY
OF OREGON,
*Defendant-Appellant.*

Multnomah County Circuit Court
091116530; A168067

508 P3d 1001

Marilyn E. Litzenberger, Judge.

Thomas M. Christ and Sussman Shank LLP for petition.

Shenoa Payne for response.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

PER CURIAM

Reconsideration allowed; former opinion modified and adhered to as modified.

## PER CURIAM

Defendant Safeco Insurance Company of Oregon petitions for reconsideration of our opinion in *Thoens v. Safeco Ins. Co.*, 317 Or App 727, 507 P3d 284 (2022). Although we adhere to our disposition of the case, we allow reconsideration and modify the text of our prior opinion to address defendant's contention that our ruling on defendant's second assignment of error was "based on a misunderstanding of defendant's argument."[1]

Specifically, we add the below text as a footnote, placed at the end of the partial paragraph at *id.* at 744, following the text, "defendant cites no law that supports its point":

> "To the extent that defendant is instead arguing that the referee's statutory fee award was unreasonable as a matter of law because it was based on a lodestar calculation instead of a percent-of-recovery calculation, we also reject that argument. As we explained above, defendant cites no support for its contention that a lodestar-based statutory fee award is inherently unreasonable where the prevailing plaintiff's contingent fee agreement also entitles her attorneys to all court-awarded fees. Again, we find no authority for that contention either. And, as we will explain, the court's fee award was reasonable and supported by the evidence."

As described in the above modifications, we adhere to our previous disposition.

Reconsideration allowed; former opinion modified and adhered to as modified.

---

[1] Defendant also asks that we reconsider our conclusion, related to defendant's second assignment of error, that the evidence supported the referee's fee award, because, defendant argues, our ruling was based on "a misunderstanding of the evidence." We decline to reconsider that aspect of our decision.