Argued and submitted October 28, 2020, affirmed May 11, petition for review denied October 6, 2022 (370 Or 303)

Laura Yandell McNEIL,
*Plaintiff-Appellant,*

*v.*

GEICO CASUALTY COMPANY, INC.,
*Defendant-Respondent.*

Multnomah County Circuit Court
18CV40021; A172002

510 P3d 224

Plaintiff appeals from a general judgment dismissing her complaint. Plaintiff was injured by an uninsured motorist (UM). Defendant accepted her claim for UM benefits, and the parties arbitrated the issues of liability and damages. After plaintiff received an award that exceeded policy limits, defendant sought to offset the personal injury protection (PIP) benefits it had paid to plaintiff against the policy limits. Plaintiff objected, arguing that the PIP offset applied to the total award and not to the policy limits. Defendant ultimately agreed with plaintiff's view. Plaintiff then brought a lawsuit to collect attorney fees, arguing that, by raising the PIP offset issue, defendant left the statutory safe-harbor protection from paying plaintiff's attorney fees. *Held*: The trial court did not err in dismissing plaintiff's complaint and denying plaintiff leave to file an amended complaint. The issue of the application of the PIP offset was an issue of the damages due the insured as provided in ORS 742.061(3) and, thus, when defendant raised that issue, it did not leave the safe harbor.

Affirmed.

Kelly Skye, Judge.

Dean Heiling argued the cause for appellant. Also on the briefs was Heiling Dwyer.

Brian C. Hickman argued the cause for respondent. Also on the brief was Gordon & Polscer, L.L.C.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

Plaintiff appeals from a general judgment dismissing her claim against defendant for breach of an insurance contract and violation of ORS 742.061. Plaintiff was injured in a motor vehicle accident with an uninsured driver. Defendant, plaintiff's insurer, accepted her claim for uninsured motorist (UM) benefits, and both parties agreed to arbitrate the issues of liability of the other driver and damages. After receiving an arbitration award that exceeded the UM policy limits, defendant sought to reduce the amount it owed to plaintiff by offsetting personal injury protection (PIP) benefits it had paid to plaintiff against the UM policy limits. Plaintiff objected, arguing that the PIP offset had to be applied against the total arbitration award and not against the UM policy limits. Defendant ultimately agreed with plaintiff. However, plaintiff brought this lawsuit to collect attorney fees, arguing that defendant's position had brought it out of the safe-harbor protection of ORS 742.061(3). The trial court granted defendant's motion to dismiss for failure to state a claim and denied plaintiff's motion to file a second-amended complaint. We conclude that the trial court did not err and affirm.

On appeal from a grant of a motion to dismiss for failure to state a claim, "we accept as true all well-pleaded factual allegations in the complaint and make reasonable inferences from those allegations in favor of plaintiff[]." *Kutz v. Lee*, 291 Or App 470, 472, 422 P3d 362 (2018). We state the facts in accordance with that standard.

Plaintiff was injured in a motor vehicle collision caused by an uninsured driver. She made a claim against her insurer, defendant, for UM benefits, which had a policy limit of $50,000. Defendant sent plaintiff a "safe harbor" letter, under ORS 742.061(3), that consented to resolving plaintiff's claim through arbitration, admitted coverage, and left open for resolution the issues of the liability of the other driver and the amount of plaintiff's damages. Plaintiff agreed to arbitrate her claim. After arbitration, plaintiff was awarded $100,274.73. Defendant had already paid plaintiff $15,000 in PIP benefits.

Following arbitration, defendant asserted that it was entitled to offset the $15,000 in PIP benefits against the UM policy limits of $50,000 and, thus, paid plaintiff $35,000 of the arbitration award. After plaintiff challenged defendant on that issue, defendant acknowledged that the PIP benefit setoff applied against the amount of the arbitration award and not the amount of the policy limits. Defendant communicated that it intended to pay plaintiff the remaining $15,000.[1] Before defendant could pay, plaintiff brought her original complaint, alleging the above-stated facts and that she was entitled to her attorney fees under ORS 742.061. She further alleged that, but for defendant's safe-harbor letter, she would have litigated her claim and sought attorney fees. Defendant moved to dismiss plaintiff's complaint for failure to state a claim, under ORCP 21 A(1)(h).[2] The trial court granted defendant's motion, but gave plaintiff leave to file an amended complaint.

In her first-amended complaint, plaintiff alleged two claims, breach of contract and a statutory violation, as a basis for her claim for attorney fees under ORS 742.061. In the breach of contract claim, plaintiff added allegations that, under the insurance contract, UM claims could be resolved through binding arbitration on issues of liability or damage amount but could not be used to resolve disputes of contract interpretation or to recover attorney fees. The substance of the allegations for that claim otherwise remained the same. In the new statutory violation claim, plaintiff alleged that defendant "violated its legal obligation [under ORS 742.061(3)] to plaintiff by failing to disclose that [defendant] would assert that PIP benefits paid in plaintiff's claim would be deducted from the UM policy limits."

Defendant again moved for dismissal of the complaint for failure to state a claim. Plaintiff opposed that motion and also requested leave to file a second-amended complaint to more specifically allege how defendant breached

---

[1] Plaintiff alleged in the later proposed, but not filed, second-amended complaint that defendant had paid her the previously disputed $15,000.

[2] This rule was formerly numbered ORCP 21 A(8). Because the amendment to ORCP 21 A did not change the substance of the rule as it applies here, we cite to the current version of that rule.

the insurance contract and to fix a typographical error in the statutory claim. The trial court granted defendant's motion to dismiss, denied plaintiff's motion to file a second-amended complaint, and entered a general judgment dismissing plaintiff's claims with prejudice. Plaintiff appeals both the dismissal and the denial of her motion for leave to amend.

At the heart of the parties' arguments on appeal is whether, when defendant asserted that the PIP offset applied against the UM policy limits, that assertion took defendant out of the safe harbor of ORS 742.061(3). Plaintiff can only assert a cognizable claim for attorney fees against defendant if defendant's action took it out of the safe harbor. As to that issue, plaintiff argues that, when defendant applied the PIP offset to the UM policy limits, it raised an issue of coverage under the policy, in violation of the applicable statutes and the insurance contract, and contrary to defendant's safe harbor letter. Defendant asserts that the issue of how to apply the PIP offset was part of determining the damages owed to plaintiff, which was part of the agreed scope of the arbitration and allowed under ORS 742.061(3) as relating to "the damages due the insured."

The parties' arguments raise an issue of statutory construction to which we apply our familiar methodology of examining the statutory text, in context, along with any legislative history that is helpful to our analysis. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009). We start with the text of the safe harbor provision in ORS 742.061(3), which provides:

"(3)  Subsection (1) of this section [providing for recovery of attorney fees by a plaintiff] does not apply to actions to recover uninsured or underinsured motorist benefits if, in writing, not later than six months from the date proof of loss is filed with the insurer:

"(a)  The insurer has accepted coverage and the only issues are the liability of the uninsured or underinsured motorist and the damages due the insured; and

"(b)  The insurer has consented to submit the case to binding arbitration."

The parties agree that defendant sent plaintiff a letter that qualified it for the safe-harbor protections of ORS 742.061(3), which applies to uninsured and underinsured motorists (UM/UIM) claims. The issue is whether the dispute about how to apply the PIP offset to the arbitration award was an issue other than liability or damages, which would take defendant out of the safe harbor. *See Rice v. State Farm Mutual Automobile Ins. Co.*, 307 Or App 238, 242-43, 476 P3d 983 (2020), *rev den*, 367 Or 826 (2021) (an insurer can lose protection of the safe harbor for UM/UIM claims if it injects issues other than liability and damages into the case).

The Supreme Court has explained that "the damages due the insured" in the safe-harbor provision for UM/UIM claims "refers to the type of damages that would be payable in that type of case, namely, the damages that the insured would be 'legally entitled to recover' from the uninsured or underinsured motorist." *Spearman v. Progressive Classic Ins. Co.*, 361 Or 584, 593, 396 P3d 885 (2017). Under the PIP benefits offset statute, ORS 742.542, the damages an insured is legally entitled to recover are those damages reduced by PIP benefits the insurer has paid for the same accident. That statute provides:

> "Payment by a motor vehicle liability insurer of personal injury protection benefits for its own insured shall be applied in reduction of the amount of damages that the insured may be entitled to recover from the insurer under uninsured or underinsured motorist coverage for the same accident but may not be applied in reduction of the uninsured or underinsured motorist coverage policy limits."

That is, under that statute, the *issue* of the application of a PIP offset is necessarily an issue of "the damages due the insured" and not an issue of claim coverage, as asserted by plaintiff. The fact that defendant initially sought to incorrectly apply the PIP offset to the UM policy limits, instead of to plaintiff's total damages amount, did not change the nature of that issue; that is, defendant did not inject an issue into the case other than damages due the insured.[3]

---

[3] We note that plaintiff's reliance on *Burns v. American Family Mutual Ins.*, 310 Or App 431, 487 P3d 50 (2021), is misplaced. That case addressed only

*See Rice*, 307 Or App at 242-43 (a dispute about the amount of the policy limits to which the plaintiff was entitled did not take the insurer out of the safe harbor of ORS 742.061(3), even though the plaintiff alleged that the dispute was made in bad faith); *see also Thoens v. Safeco Ins. Co.*, 317 Or App 727, 737, 507 P3d 284, *adh'd to as modified on recons*, 319 Or App 450, 508 P3d 1001 (2022) (explaining that an insurer does not leave the safe harbor by arguing issues that "are an integral part of the analysis in determining the permissible ORS 742.061(3)(a) issues of [UM/UIM] driver's liability and the plaintiff's damages").

Because defendant did not leave the safe harbor of ORS 742.061(3) as a matter of law, and plaintiff's claim for attorney fees is dependent on defendant having left the safe harbor, the trial court did not err in granting defendant's motion to dismiss and denying plaintiff's motion for leave to file a second-amended complaint.

Affirmed.

---

whether the plaintiff was entitled to attorney fees incurred during arbitration after the insurer had left the safe harbor by refusing to pay the arbitration award and injecting issues of coverage into the case, something which the insurer did not dispute it had done. *See id.* at 438 (emphasizing what was the only issue in the case). In this case, defendant did not refuse to pay the arbitration award or attempt to inject issues of coverage into the case.