40 March 19, 2025 No. 229

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

RICHARD GRIFFITH
and Reta Griffith, husband and wife,
*Plaintiffs-Appellants
Cross-Respondents,*

*v.*

PROPERTY AND CASUALTY INSURANCE COMPANY
OF HARTFORD,
*Defendant-Respondent
Cross-Appellant,*

*and*

ALPINE ABATEMENT ASSOCIATES, INC.,
*Defendant.*
Wallowa County Circuit Court
22CV10452; A181951

Wes Williams, Judge.

Argued and submitted January 28, 2025.

Kelly Vance argued the cause and filed the briefs for appellants-cross-respondents.

Tom Christ argued the cause for respondent-cross-appellant. Also on the briefs was Sussman Shank LLP.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

TOOKEY, P. J.

On appeal of limited judgment, denial of costs affirmed; on appeal of supplemental judgment, appeal dismissed; on cross-appeal, limited judgment awarding attorney fees reversed and remanded.

**TOOKEY, P. J.**

Plaintiffs Richard and Rita Griffith lost their home in a fire. They filed a claim with Hartford, their homeowner's insurer. Hartford accepted the claim and made several payments and continued to adjust the claim. But plaintiffs believed that Hartford was not acting with sufficient alacrity, and they retained attorney Vance. Vance filed a civil action against Hartford, alleging breach of contract, intentional infliction of emotional distress, and negligence, and seeking damages and prejudgment interest.

The complaint and Hartford's answer were the only filings relating to Hartford in plaintiffs' civil action. Shortly thereafter, plaintiffs and Hartford executed a "Release and Settlement Agreement," under which the parties settled plaintiffs' insurance and breach of contract claims "and all related controversies." Plaintiffs then filed a motion for summary judgment in the proceeding, seeking prejudgment interest from Hartford under ORS 82.010,[1] on the theory that the amount due on plaintiffs' insurance claim became

---

[1] ORS 82.010 provides, in part:

"(1)  The rate of interest for the following transactions, if the parties have not otherwise agreed to a rate of interest, is nine percent per annum and is payable on:

"(a)  All moneys after they become due; but open accounts bear interest from the date of the last item thereof.

"(b)  Money received to the use of another and retained beyond a reasonable time without the owner's express or implied consent.

"(c)  Money due or to become due where there is a contract to pay interest and no rate specified.

"(2)  Except as provided in this subsection, the rate of interest on judgments for the payment of money is nine percent per annum. The following apply as described:

"(a)  Interest on a judgment under this subsection accrues from the date of the entry of the judgment unless the judgment specifies another date.

"(b)  Interest on a judgment under this subsection is simple interest, unless otherwise provided by contract.

"(c)  Interest accruing from the date of the entry of a judgment shall also accrue on interest that accrued before the date of entry of a judgment.

"(d)  Interest under this subsection shall also accrue on attorney fees and costs entered as part of the judgment.

"(e)  A judgment on a contract bearing more than nine percent interest shall bear interest at the same rate provided in the contract as of the date of entry of the judgment."

ascertainable (and therefore "due") thirty days after the claim was filed and that prejudgment interest was owed as provided in ORS 82.010(1), on "[a]ll moneys after they become due." The trial court denied the motion, determining that it was premature, as there had been no judgment entered against Hartford.

Plaintiffs voluntarily dismissed their remaining claims against Hartford. They then filed a petition for attorney fees and costs and also refiled their motion for summary judgment seeking prejudgment interest. The trial court entered what was captioned a "supplemental judgment," denying plaintiffs' motion for summary judgment on their request for prejudgment interest. In a limited judgment, the trial court denied plaintiffs' request for costs but awarded plaintiffs their attorney fees of $221,179.27.

Plaintiffs appeal from the supplemental judgment, assigning error to the denial of their motion for summary judgment on their claim of prejudgment interest and appeal from a limited judgment denying costs. Hartford cross-appeals from the trial court's limited judgment awarding plaintiffs attorney fees, asserting that the trial court erroneously awarded fees on a contingent or percentage-of-recovery basis. On plaintiffs' appeal of the supplemental judgment denying plaintiffs' motion for summary judgment, we conclude that the supplemental judgment is not an appealable judgment and therefore dismiss the appeal; on plaintiffs' appeal of the limited judgment, we conclude that the trial court did not err or abuse its discretion in rejecting plaintiffs' request to recover their costs. On Hartford's cross-appeal of the limited judgment, we conclude that the trial court abused its discretion in determining that a fee based on a contingency or a percentage of recovery—rather than based on hours worked—was a reasonable fee, and, therefore, reverse and remand for reconsideration of the limited judgment awarding fees.

In their first assignment of error, plaintiffs contend that the trial court erred in denying their motion for summary judgment on their claim for what they characterize as "prejudgment interest." As noted, plaintiffs filed their motion after they had reached a settlement with Hartford

on their insurance claim and had *fully released* Hartford on the breach of contract claims, which were the only claims that could support an award of prejudgment interest, had a judgment been entered. But there was no general judgment and no limited monetary judgment for plaintiffs on either the insurance claim or on plaintiffs' breach of contract or tort claims. On the motion, the trial court entered a document captioned "Supplemental Judgment" in which it stated that the summary judgment was "denied." Plaintiffs contend that the trial court erred in denying their motion for summary judgment, because the amount of interest owed to plaintiffs as of the date that Hartford should have paid policy limits (which plaintiffs assert was within 30 days after plaintiffs' loss) was readily ascertainable, and prejudgment interest was therefore awardable under ORS 82.010.

Hartford responds that the court's denial of the motion is either not reviewable or was correct on its merits, because there is no basis for an award of prejudgment interest in the absence of a judgment. Additionally, even assuming reviewability, Hartford asserts that the record as to plaintiffs' entitlement to prejudgment interest includes disputed issues of material fact.

For several reasons, the trial court's ruling is not reviewable. First and foremost, the document captioned "Supplemental Judgment," which simply denied plaintiffs' motion for summary judgment, is not an appealable judgment. That is because it is not a proper supplemental judgment, as no general judgment had been entered on plaintiffs' breach of contract claims. ORS 18.005(17) (A supplemental judgment is "a judgment that may be rendered after a general judgment pursuant to a legal authority.").

Secondly, even if the supplemental judgment were appealable, the denial of the motion for summary judgment would not be reviewable. That is because, with limited exceptions, the denial of a motion for summary judgment is not reviewable on appeal. *See Martin v. State of Oregon*, 331 Or App 225, 226 n 1, 545 P3d 776 (2024) (stating rule); *Farnsworth v. Meadowland Ranches, Inc.*, 321 Or App 814, 819, 519 P3d 153 (2022) (noting that "a trial court's denial of summary judgment is generally unreviewable on appeal,

with limited exceptions," such as when the motion rests on "purely legal contentions"). For example, in a case that has gone to trial, the denial of a summary judgment motion is subject to review on appeal if the motion rested on a "purely legal" contention. *Seidel v. Time Ins. Co.*, 157 Or App 556, 560, 970 P2d 255 (1998). And when, for example, the appeal arises from cross-motions for summary judgment, the granting of one motion and the denial of the other are both reviewable. *Eden Gate, Inc. v. D&L Excavating & Trucking, Inc.*, 178 Or App 610, 622, 37 P3d 233 (2002). This case does not involve either of those limited exceptions. Thus, we decline to address the merits of plaintiffs' challenge in their first assignment of error to the trial court's denial of their motion for summary judgment seeking prejudgment interest.

In their second assignment of error, plaintiffs challenge a limited judgment of the trial court declining to award them costs on their claims against Hartford. Plaintiffs contend that, because attorney fees to which they are entitled under ORS 742.061(1) are awarded "as part of the costs of the action," they are necessarily entitled to costs. We do not agree. ORCP 68 authorizes a court to award costs to a prevailing party. Having settled their contract claims against Hartford and voluntarily dismissed their tort claims, we agree with Hartford that it was within the trial court's discretion to determine whether plaintiffs prevailed in their action and were entitled to costs; the trial court did not abuse its discretion in determining that plaintiffs did not prevail in their action. *See* ORCP 54 A(3).[2]

We move on to Hartford's cross-appeal, in which Hartford challenges the limited judgment awarding to plaintiffs attorney fees based on a percentage of plaintiffs' recovery rather than based on an hourly rate. What constitutes reasonable attorney fees is within the sound discretion of the court ordering the fee award. *See* ORS 20.075(3) (providing that "the decision of the court as to the amount of the award" is reviewed for "abuse of discretion"). Hartford

_____

[2] ORCP 54 A(3)provides:

"When an action is dismissed under this section, the judgment may include any costs and disbursements, including attorney fees, provided by contract, statute, or rule. Unless the circumstances indicate otherwise, the dismissed party shall be considered the prevailing party."

does not dispute that plaintiffs were entitled to attorney fees under ORS 742.061(1), which provides:

> "[I]f settlement is not made within six months from the date proof of loss is filed with an insurer and an action is brought in any court of this state upon any policy of insurance of any kind or nature, and the plaintiff's recovery exceeds the amount of any tender made by the defendant in such action, *a reasonable amount to be fixed by the court as attorney fees* shall be taxed as part of the costs of the action and any appeal thereon."

(Emphasis added.) Hartford acknowledges that plaintiffs were entitled to attorney fees, because Hartford did not pay plaintiffs for the full loss within six months from the date of proof of loss. Hartford only disputes the basis on which the trial court calculated the attorney fees and the amount awarded.

ORS 20.075 outlines a number of factors that the court must consider in setting a reasonable fee within its discretion, such as the time and labor required in the proceeding and the results obtained. *Thoens v. Safeco Ins. Co.*, 317 Or App 727, 744, 507 P3d 284, *adh'd to as modified on recons*, 319 Or App 450, 508 P3d 1001 (2022) ("A court has the discretion to determine what amounts to a reasonable fee by considering the factors in ORS 20.075(1) and (2). ORS 20.075(3) (providing that 'the decision of the court as to the amount of the award' is reviewed for 'abuse of discretion')). Hartford does not dispute that determining the amount of fees was within the trial court's discretion and that we review that determination for an abuse of discretion. But Hartford contends that, under the circumstances of this case, the trial court abused its discretion in basing the fee award on a percentage of plaintiffs' recovery on their insurance claim rather than on the "lodestar" calculation—a fee based on an hourly rate. We agree with Hartford that, under the circumstances here, the trial court abused its discretion in determining that a percentage of recovery was a reasonable basis on which calculate the amount of the attorney fee.

In any case in which an award of attorney fees is authorized or required by statute, ORS 20.075(2) requires the court to consider the factors in ORS 20.075(1) and

20.075(2) in determining a reasonable amount of the fee. In *Friends of Columbia Gorge v. Energy Fac. Siting Coun.*, 367 Or 258, 267, 477 P3d 1191 (2020), the court stated,

> "Those factors are frequently captured by the 'lodestar' approach, under which a fee award is 'based on a reasonable hourly rate, multiplied by a reasonable number of hours devoted to work on the case, with certain adjustments potentially made to that amount for factors such as the risk of loss and the quality of the attorney's work.' *Strawn*[ *v. Farmers Ins. Co.*, 353 Or 210, 217, 297 P3d 439 (2013)]."

In contrast to the lodestar method, under which the fee is determined based on a reasonable hourly rate multiplied by a reasonable number of hours devoted to work on the case, with possible adjustments for factors such as the risk of loss and the quality of the attorney's work, the percent-of-recovery method sets the fee by calculating the total recovery secured by the attorney and awarding a reasonable percentage of that recovery. In general, the lodestar method is thought to more directly account for the amount of work done; the percent-of-recovery method more directly reflects the result achieved. *Strawn*, 353 Or at 219 (discussing the two approaches in the context of class-action claims involving fee-shifting statutes and common funds). The lodestar method is the prevailing method for determining the reasonableness of a fee award in cases, such as this, involving a statutory fee-shifting award, even when, as here, the insured has retained counsel on a contingency-fee basis. *Id.* The percentage-of-fund basis is a particularly appropriate method when there is a risk of recovery, when litigation has been extensive, or when the recovery involves a common fund from which attorney fees can be paid. *See id.* at 221.

Whichever method for the calculation of an award of fees is chosen, the amount awarded under ORS 742.061(1) must be reasonable; a windfall award of attorney fees is to be avoided. *See ZRZ Realty v. Beneficial Fire and Casualty Ins. Co.*, 255 Or App 524, 556-57, 300 P3d 1224 (2013) (The "potential for a windfall" in an award of attorney fees "is a factor that the court can consider in setting a reasonable attorney fee."). Here, for the following reasons, we agree with Hartford that the award the trial court made based on

a percentage of plaintiffs' insurance recovery resulted in a windfall that plaintiffs failed to establish was reasonable.

There was never a dispute or litigation as to Hartford's liability for coverage of plaintiffs' insurance claim; the claim was immediately accepted by Hartford, and when plaintiffs retained their attorney and filed this action, Hartford had already made several payments and was continuing to adjust the claim. And because, before plaintiffs' counsel was retained, the claim had not fully resolved within six months of proof of loss, there was never doubt that an attorney retained by plaintiffs would be entitled to fees under ORS 742.061(1), because Hartford had not made a tender of the full amount that it ultimately paid under the policy. Because plaintiffs' counsel did not keep time records, there is no evidence, other than filings, as to how much time he spent on the case. Prior to the parties' settlement and release, there was minimal litigation by plaintiffs' counsel (the filing of a complaint) with respect to plaintiffs' claims against Hartford. A delay in adjusting plaintiffs' claim was caused by circumstances outside of the parties' control, including plaintiffs' remote location, winter weather, the difficulty locating a contractor to do cleanup, and the pandemic. But there was never a risk that plaintiffs would not receive benefits under the policy or that their attorney would not be entitled to a reasonable attorney fee under ORS 742.061(1). The case was not complex. It did not involve a "common fund," which might justify a fee based on the percentage of recovery. *See Strawn* 353 Or at 217. And despite having agreed to do so in his fee agreement with plaintiffs, plaintiffs' counsel did not keep or provide time records of the hours spent on the claim against Hartford, against which the trial court could have evaluated whether the lodestar method would be sufficient to reasonably compensate plaintiffs' counsel.

Plaintiffs, as the party seeking an award of fees, had the burden of establishing the reasonableness of the fee amount under either method. *Hillsboro v. Maint. & Const. Serv.*, 269 Or 169, 172, 523 P2d 1036 (1974) (where opposing party objects to attorney fee request, burden of proving reasonableness of fees rests on party seeking them). In light of the above-described circumstances, we conclude that the

record does not permit a conclusion that plaintiffs established the reasonableness of a fee award based on a percentage of recovery, and that it was therefore an abuse of discretion by the trial court to determine that plaintiffs' counsel should receive a fee under ORS 742.061(1) as a percentage of plaintiffs' recovery under the policy rather than under the lodestar method. We therefore reverse the award of attorney fees in the limited judgment and remand for reconsideration of the fee award.

On appeal of limited judgment, denial of costs affirmed; on appeal of supplemental judgment, appeal dismissed; on cross-appeal, limited judgment awarding attorney fees reversed and remanded.