30 June 4, 2025 No. 484

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Richard GRIFFITH
and Reta Griffith, husband and wife,
*Plaintiffs-Appellants*
*Cross-Respondents,*

*v.*

PROPERTY AND CASUALTY INSURANCE COMPANY
OF HARTFORD,
*Defendant-Respondent*
*Cross-Appellant,*

*and*

ALPINE ABATEMENT ASSOCIATES, INC.,
*Defendant.*

Wallowa County Circuit Court
22CV10452; A181951

Wes Williams, Judge.

On appellants' petition for reconsideration filed March 28, 2025, and respondent's response filed April 2, 2025. Opinion filed March 19, 2025. 339 Or App 40, ___ P3d ___ (2025).

Kelly Vance for petition.

Thomas M. Christ and Sussman Shank LLP for response.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

TOOKEY, P. J.

Reconsideration allowed; former opinion modified and adhered to as modified.

**TOOKEY, P. J.**

Plaintiffs petition for reconsideration of our decision in *Griffith v. Property and Casualty Ins. Co. of Hartford*, 339 Or App 40, 566 P3d 1235 (2025), asserting, among other reasons that we should reconsider our decision, that we "committed factual error in opining that all plaintiffs' counsel did was file a complaint, which was contrary to the evidence." Plaintiffs assert that "the trial court file shows far more activity than is depicted by the panel's opinion." We grant reconsideration, modify our previous opinion in two respects, and adhere to it as modified.

First, in our opinion, we stated, "The complaint and Hartford's answer were the only filings relating to Hartford in plaintiffs' civil action. Shortly thereafter, plaintiffs and Hartford executed a 'Release and Settlement Agreement,' under which the parties settled plaintiffs' insurance and breach of contract claims 'and all related controversies.'" *Id.* at 42. We modify those sentences to read, "After Vance filed the civil action, plaintiffs and Hartford executed a 'Release and Settlement Agreement,' under which the parties settled plaintiffs' insurance and breach of contract claims 'and all related controversies.'"

Second, in our opinion, we stated, "Prior to the parties' settlement and release, there was minimal litigation by plaintiffs' counsel (the filing of a complaint) with respect to plaintiffs' claims against Hartford." *Id.* at 48. We modify that sentence so that it reads, "Prior to the parties' settlement and release, litigation by plaintiffs' counsel with respect to plaintiffs' claims against Hartford included filing a complaint and amended complaint, filing a reply to Hartford's affirmative defenses, filings related to summary judgment, and oral argument before the court."

We have also considered the other reasons that plaintiffs assert that we should reconsider our opinion and have determined that reconsideration is not warranted.

Reconsideration allowed; former opinion modified and adhered to as modified.